# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GRAND SLAM CLUB/OVIS, an Alabama corporation,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  2:06-CV-4643-VEH** |
| | ] | |
| **INTERNATIONAL SHEEP HUNTERS ASSOCIATION FOUNDATION, INC., a former California corporation sometimes doing business as ISHA; and FOUNDATION FOR NORTH AMERICAN WILD SHEEP, an Iowa corporation sometimes doing business as FNAWS,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Grand Slam Club/Ovis's ("GSCO") initiated this trademark and copyright infringement case[1] against Defendants International Sheep Hunters Association Foundation, Inc. ("ISHA") and Foundation for North American Wild Sheep ("FNAWS") (ISHA and FNAWS are sometimes collectively referred to herein as the "Foundation") (Doc. #1) on November 9, 2006.  GSCO filed an amended

---

[1]The lawsuit also includes various state law claims.

complaint (Doc. #25) on April 5, 2007.  The Foundation filed its final amended answer and counterclaim (Doc. #37) on May 21, 2007.  GSCO's defenses to the Foundation's counterclaim are set forth in its reply pleading (Doc. #38) filed on June 1, 2007.

A preliminary injunction is currently in effect in favor of GSCO and against the Foundation under the Lanham Act.  (*See generally* Docs. #91, #101, #102).  The case is set for a pretrial conference in Decatur on December 18, 2007, at 11:30 a.m., and for trial in Birmingham beginning on January 22, 2008.  (Doc. #121).  On December 4, 2007, the parties filed a joint report summarizing their respective positions and the overall status of the litigation.  (Doc. #130).

The court has before it the Foundation's Motion for Partial Summary Judgment (Doc. #92) (the "Partial Motion") pertaining to GSCO's trademark, service mark and copyright claims as set forth in the First, Second, Third, and Sixth Counts of GSCO's amended complaint.[2]  (Doc. #25).  In support of its Partial Motion, the Foundation relies upon its corrected brief (Doc. #99), its initial evidentiary submissions (Docs. #94, #95), its reply brief (Doc. #112), and its related supplemental evidentiary

---

[2]More specifically, GSCO's First Count is for federal trademark infringement and dilution; the Second Count is for federal false designation of origin; the Third Count is for common law trademark and service mark infringement and unfair competition under Alabama law; and the Sixth Count is for federal copyright infringement.  (*See generally* Docs. #25, #130).

submissions (Docs. #113-#120), filed on October 16, 2007, October 13, 2007, and November 2, 2007,  respectively.  GSCO filed its opposing brief (Doc. #110) and evidentiary submission (Doc. #111) on November 2, 2007.

As discussed more fully below, the court concludes that the Foundation has failed to satisfy its burden on summary judgment because material factual disputes exist and reasonable minds could differ as to the validity of GSCO's trademark, service mark, false designation, unfair competition, and copyright claims. Accordingly, the Foundation's Partial Motion is due to be denied.

## II.    STATEMENT OF FACTS

This case arises out of the use of various alleged intellectual property rights in the field of wild sheep hunting.  GSCO describes itself (and its alleged predecessor organization, The Grand Slam Club) as a sheep hunting conservation and record keeping organization that documents and bestows awards for certain defined criteria. (Doc. #41 ¶ 2).

The Foundation describes FNAWS as a non-profit corporation incorporated in 1977 and involved in wild sheep conservation and education.   (Doc. #45 at Lee Aff. ¶ 5). More specifically, FNAWS has a partial mission "to promote and enhance increasing populations of indigenous wild sheep, to safeguard against their decline or extinction, and to fund programs for the professional management of these

populations." (*Id.*).  The Foundation describes ISHA as "an international record keeping and conservation organization" which has been in operation as a non-profit corporation since 1975.  (*Id.* ¶ 6).  In 2005, FNAWS and ISHA joined their operations together.  (*Id.* ¶ 7).

For many years, GSCO and the Foundation worked together, and from 1995 until the 2004 convention year, they operated collaboratively pursuant to a written agreement that was renewable for additional years ("1995 Agreement").  (Doc. #41 ¶ 13; *id.* at Ex. E).  However, the parties' cordial alliance deteriorated, and the 1995 Agreement was not renewed for 2005 through letter notification dated February 26, 2004, by GSCO.  (Doc. #50 at Ex. 12).  Subsequently, the parties engaged in some efforts to reach an understanding as to each other's respective intellectual property rights.  However, when those attempts failed, this lawsuit ensued.

## III.    STANDARD OF REVIEW

Courts should grant summary judgment when "there is no genuine issue of material fact . . . and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party always bears the initial responsibility of informing the district court about the grounds of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrates the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In deciding whether the movant has met this burden, the court must examine the facts in the light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Once the moving party has met this burden, the non-movant must then present evidence establishing that there is a genuine issue of material fact that precludes the entry of judgment as a matter of law in favor of the movant. *Celotex*, 477 U.S. at 325.

Additionally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense [such as, an exclusion under an insurance policy], it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1273 -74 (11th Cir. 2006) (citation omitted).

## IV.   ANALYSIS

### A.   GSCO's Lanham Act and Related State Law Claims

#### 1.   General Framework

"A trademark is 'any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods.'" *International Stamp Art,*

*Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citation omitted). "The Lanham Act defines a service mark to be a mark used in the sale or advertising of service to identify the services of one person and distinguish them from the services of others." *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 11 (5th Cir. 1974) (citing 15 U.S.C. § 1127) (internal quotations omitted).

"To establish a *prima facie* case in an ordinary trademark infringement suit, a claimant need only demonstrate that: (1) it enjoys enforceable rights in its mark, and (2) the alleged infringer adopted a mark that is the same or confusingly similar." *SunAmerica Corp. v. Sun Life Assur. Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996) (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir.1984)); *see also International Stamp Art*, 456 F.3d at 1274 ("'A plaintiff seeking to prevail on a trademark infringement claim must show (1) that he had a valid trademark and 2) that the defendant had adopted an identical or similar mark such that consumers were likely to confuse the two.'") (citation omitted). Relatedly, "[i]n an action for infringement of a registered service mark [or trademark], the threshold question is whether the word or symbol is registrable or protectable." *American Heritage*, 494 F.2d at 10 (citation omitted).

### 2.    Application

"Trademark cases often involve line drawing in areas that are inherently

'fuzzy.'" *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1182 (5th Cir. 1980).[3]  This case involves the very type of  "fuzzy" lines under the Lanham Act and related state law that are appropriate for a jury decide, not the court.  Such areas of material dispute include whether the Foundation's use of a house mark in labeling its goods and services is a viable defense to GSCO's claims.  Accordingly, the Foundation's Partial Motion is denied as to GSCO's Lanham Act and state law trademark and unfair competition claims because material issues of disputed fact exist and reasonable minds could differ as to whether the Foundation has illegally infringed upon the trademark and service mark rights of GSCO.

## B.    GSCO's Copyright Infringement Claims

### 1.    General Framework

To establish copyright infringement, a plaintiff must prove, first, ownership of a valid copyright and, second, copying of constituent elements of the work that are original.  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991).  To satisfy the first requirement of *Feist*, "'the Plaintiff must prove that the work as a whole is original and that the plaintiff complied with the applicable statutory formalities.'"  *MiTek Holdings, Inc.*

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*v. Arce Engineering, Inc.*, 89 F.3d 1548, 1553-54 (11th Cir. 1996) (quoting *Lotus Development Corporation v. Borland International, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)).

*Feist*'s second requirement "'involves two separate inquiries:  (1) whether the defendant as a factual matter, copied portions of the plaintiff's [work]; and (2) whether as a mixed issue of fact and law, those elements of the [work] that have been copied are protectable expression and of such importance to the copied work that the appropriation is actionable.'"  *MiTek Holdings, Inc. v. Arce Engineering, Inc.*, 98 F.3d at 1554, (quoting *Gates Rubber Company v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)).  Stated differently, a defendant's work must be substantially similar to the plaintiff's protected expression.  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

"When called upon to adjudicate a copyright dispute, a court must compare the works in question." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454 (11th Cir. 1994). In copyright cases, "summary judgment is appropriate if (1) the similarity concerns only noncopyrightable elements or (2) no reasonable jury upon proper instruction would find the works substantially similar." *Id.* at 459.

Furthermore, "for similarity to be substantial, and hence actionable, it must apply to more than simply a *de minimis* fragment."  *See* 2 Melville B. Nimmer &

8

David Nimmer, NIMMER ON COPYRIGHT, 8-24, §8.01[G] (2002).  "Ordinarily, the importance of but one line in plaintiff's work would be regarded as *de minimis*, not justifying a finding of substantial similarity."  *See id.* at 13-50, §13.03[A][2].

### 2.   Application

GSCO's stated protected expressions are its "CAPRA World Slam" list (Doc. #25 at Ex. U; Doc. #94 at Ex. C) relating to goats and its "OVIS World Slam" list (Doc. #25 at Ex. T; Doc. #95 at Ex. G) relating to sheep.  (*See also* Doc. #25 ¶ 31).  GSCO has copyright registration certificates relating to these works.  (*See* Doc. #25 at Exs. K, L).  The Foundation's challenged acts of copyright infringement include its "ISHA Capra SLAM" list (Doc. #25 at Ex. S; Doc. #95 at Ex. F) relating to goats and its "ISHA Super SLAM" list (Doc. #25 at Ex. R) and its "The LIST" list (Doc. #111 at Ex. 3), both relating to sheep.  (*See also* Doc. #25 ¶ 31).

After studying the record and comparing these lists, the court concludes that material factual disputes preclude the entry of summary judgment in favor of the Foundation.  More specifically, reasonable jurors could decide differently as to the validity of GSCO's copyright claims, including whether GSCO's materials contain original expression such that they are subject to copyright protection, whether the Foundation copied GSCO's materials, and whether the Foundation was the first entity to publish any list.

## V.   CONCLUSION

Accordingly, for the reasons stated above, the Foundation's Partial Motion is

due to be and is **HEREBY DENIED**.

**DONE** and **ORDERED** this the 10th day of December, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge