# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GRAND SLAM CLUB/OVIS,** an Alabama corporation, ) ) ) | |
| Plaintiff, ) ) | Case No.:  2:06-CV-4643-VEH |
| v. ) ) | |
| **INTERNATIONAL SHEEP HUNTERS ASSOCIATION FOUNDATION, INC.,** a former California corporation sometimes doing business as ISHA; and **FOUNDATION FOR NORTH AMERICAN WILD SHEEP,** an Iowa corporation sometimes doing business as FNAWS, ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On January 31, 2008, the jury returned a verdict in favor of the Plaintiff, Grand Slam Club/Ovis ("GSC/O"), as to all its claims and against the Defendants, Foundation for North American Wild Sheep ("FNAWS") and International Sheep Hunters Association Foundation, Inc. ("ISHA"), as to all their counterclaims. (Verdict, Doc. #235). Now pending before the court are two Motions filed by GSC/O: Motion for Entry of Judgment (Doc. #239); and Motion for Permanent

Injunction and for Discharge and Release of Bond (Doc. #237). The court is aware that Defendants have filed a Post-Verdict Brief (Doc. #240); however, that document is untimely and therefore is not under consideration, for the reasons explained hereinafter.

I.    **Motion for Entry of Judgment (Doc. #239)**

The Motion for Entry of Judgment (Doc. #239) was filed by GSC/O on February 13, 2008. The court sees no reason to await a response from FNAWS or ISHA, as the court only delayed entry of judgment because all parties requested that it do so, and the period of time that the parties requested that the court delay entry of judgment has expired.

In accordance with the jury verdict returned in favor of GSC/O on January 31, 2008, the Motion for Entry of Judgment is **GRANTED IN PART** and **DENIED IN PART**. More specifically, that portion of the Motion that requests entry of judgment is due to be **GRANTED**. Final judgment is due to be entered in favor of Grand Slam Club/Ovis and against Defendant Foundation for North American Wild Sheep for Seven Hundred Fifty Thousand Dollars ($750,000) in compensatory damages and Two Hundred Thousand Dollars ($200,000) in punitive damages. Final judgment is also due to be entered in favor of Grand Slam Club/Ovis and against Defendant International Sheep Hunters Association Foundation, Inc. for Seven Hundred Fifty

Thousand Dollars ($750,000) in compensatory damages and Two Hundred Thousand Dollars ($200,000) in punitive damages.

However, that portion of the Motion that requests that interest be awarded from the date of the jury verdict is due to be **DENIED**. After the jury verdict, <u>all</u> parties, including GSC/O, asked the court to delay entering judgment because they wanted to have the opportunity to file motions that might effect the judgment. Initially, the parties asked that the court delay entering judgment until the Monday following January 31, 2008 (February 4, 2008), so that the parties could file their post-verdict motions and briefs. However, the court suggested, and the parties <u>all</u> <u>agreed</u>, that the parties would have 10 days to file, with 4 days to respond. The court specifically warned the parties that these were "real" days, not days as computed under Fed. R. Civ. P. 6, and asked if that would be a problem, because that would mean that it would be 14 days before the motions were under submission.[1] <u>All</u> the parties <u>agreed</u> that this period of time would not be a problem.

---

[1] This statement by the court may be the source of Defendants' contention that they had 14 days in which to file their "Post-Verdict Brief". *See* Doc. #240 at 3. (The court is using throughout this opinion the pagination that was assigned by the cm/ecf filing system.) However, a review of the transcript of this portion of the trial makes clear that the court said 10 days to file, with 4 days to respond, and that 14 days was only mentioned in the context that it would take 14 days for any filings to be <u>under</u> <u>submission</u> (that is, ripe for the court's consideration). Therefore, the Defendants' Post-Verdict Brief is untimely and the court's entry of judgment should not be construed as a ruling on the merits of such Brief. However, as Defendants point out, they may still make all post-judgment motions as are permitted under the Federal Rules of Civil Procedure. *See* Doc. #240 at 5.

Therefore, the court disagrees with that portion of Plaintiff's Motion for Judgment that asserts that interest should be calculated from the date of the jury verdict. The case of *Burney Intermare K.G., K.S. Kuhlschiff K.m.b.H. and Co.*, 717 F. Supp. 793 (M.D. Fla. 1988), *aff'd by* 886 F.2d 1232 (11th Cir. 1989), relied upon by GSC/O (*see* Doc. #239 ¶¶ 3, 5), is inapposite because GSC/O <u>requested</u> a delay in the entry of judgment. Moreover, the court is not obligated to make the argument for GSC/O that interest should nonetheless run from the date of the verdict even though GSC/O asked that entry of judgment be delayed. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . .") (citation omitted). A separate order of final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure consistent with the above rulings will be entered.

II.     **Motion for Permanent Injunction and for Discharge and Release of Bond (Doc. #237)**

Also pending before the court is GSC/O's Motion for Permanent Injunction and for Discharge and Release of Bond (the "Motion") (Doc. #237) filed on February 5, 2008. As stated in GSC/O's Motion "[t]he Lanham Act, in Section 34 thereof (15 USC § 1116) provides that courts vested with jurisdiction of civil actions arising

4

under the Lanham Act shall have power to grant injunctions, according to the principles of equity, and upon such terms as the courts may deem reasonable, to prevent the violation of any right of the registrant of a mark. 15 USC § 1116." (Doc. #237 ¶ 5). Similarly, "[w]ith respect to copyright violations, 17 U.S. Code § 502(a) provides that any court having jurisdiction of a civil action arising under the copyright act may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." (Doc. #237 ¶ 6).

    The Defendants have failed to oppose either the Motion or the language of the proposed permanent injunction as resubmitted by email in a corrected format by GSC/O on February 7, 2008, with opposing counsel copied. The time for such opposition has expired. Further, the court finds that the Motion is due to be granted and the injunction is due to be entered as requested.

    Further, the court finds that the bond posted by GSC/O should be released. A separate Order directing the Clerk of Court to release the bond will be entered.

    Therefore, and in accordance with the jury verdict in favor of GSC/O on its trademark and copyright claims, GSC/O's Motion is **GRANTED**. The court will separately enter the permanent injunction as part of the final judgment order in this case.

**DONE** and **ORDERED** this the 15th day of February, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge