UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GRAND SLAM CLUB / OVIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| vs. | } | **CASE NO. CV 06-B-4643-S** |
| | } | |
| **INTERNATIONAL SHEEP HUNTERS ASSOCIATION FOUNDATION, INC.,** *a former California corporation sometimes d/b/a ISHA*; **FOUNDATION FOR NORTH AMERICA WILD SHEEP,** *an Iowa corporation sometimes d/b/a FNAWS*, | } } } } } } } } | |
| | } | |
| **Defendants.** | } | |
| | } | |
| **INTERNATIONAL SHEEP HUNTERS ASSOCIATION FOUNDATION, INC.,** *a former California corporation sometimes d/b/a ISHA*; **FOUNDATION FOR NORTH AMERICA WILD SHEEP,** *an Iowa corporation sometimes d/b/a FNAWS*, | } } } } } } } } | |
| | } | |
| **Counter-claimants,** | } | |
| | } | |
| vs. | } | |
| | } | |
| **GRAND SLAM CLUB / OVIS,** | } | |
| | } | |
| **Counter-defendant.** | } | |

## MEMORANDUM OPINION

Pursuant to Federal Rule of Civil Procedure 62, defendants have moved to stay the execution of judgment and suspend the enforcement of injunctive relief pending resolution of post-trial motions filed pursuant to Federal Rules of Civil Procedure 50, 52(a) and (b), 59, and 60(b)(1) and (6).[1]  (Docs. 249-252, 259-261.)[2]  Plaintiff does not oppose stay of the judgment pending resolution of the post-trial motions, but it does request that the court require defendants to post a supersedeas security bond in the full amount of the judgment:  $1,900,000.00.  (Doc. 267, p. 2-8.)  Defendants have stated that "[n]o conditions present here necessitate a security requirement."  (Doc. 251, p. 3 n. 3.)  At a status conference held in this case on May 14, 2009, plaintiff renewed its request for a bond to secure the judgment.

Pursuant to Federal Rule of Civil Procedure 62(b), the court has the authority to require the posting of such a bond:

> **(b)    Stay Pending the Disposition of a Motion.**  On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b); *see also, e.g., Slip N' Slide Records, Inc. v. Teevee Toons, Inc.*,

---

[1] In addition to defendants' post-trial motions, plaintiff has filed a Motion for an Award of Its Attorneys Fees.  (Docs. 256 & 257.)

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

2007 WL 1489810 (S.D. Fla. 2007) ("[T]he Court clearly has discretion to stay execution of a Judgment under Rule 62 pending disposition of a party's post-trial motions on whatever conditions the Court finds to be just.").

The burden does not rest with plaintiff to prove the necessity of full security. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money."). Although defendants state there is no danger defendant Foundation for North American Wild Sheep ("FNAWS") will become insolvent or unable to satisfy the judgment pending resolution of post-trial issues, (doc. 277, pp. 4-5), they have not shown that requiring FNAWS to post a bond would be impossible or impractical. *See Slip N' Slide*, 2007 WL 1489810 at *2 ("[I]f an unsecured stay is to be granted, the burden is on the defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical.") (quoting *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984)). On the other hand, defendants argue that defendant International Sheep Hunters Association Foundation, Inc. ("ISHA") lacks significant capital and receives only modest income. (Doc. 277, pp. 6.) They argue that a security bond should only be used to protect against the risk of an adverse change and not against the already existing risk that ISHA will not be able to satisfy the judgment. (Doc. 27, pp. 6-7.)

Defendants add that a security bond is neither necessary nor appropriate under the

circumstances of this case. (Doc. 277, p. 2 - 6.) As they mention, a motion for new trial or other such post-trial motion will ordinarily take less time than an appeal, and thus the risk of a change in circumstances adverse to the judgment creditor is less likely. *See Int'l Wood Processors*, 102 F.R.D. at 215 ("Unlike a stay pending appeal under Rule 62(d), a stay pending disposition of a motion for judgment n.o.v. and/or a new trial will generally be resolved in far less time than the lengthy process of . . . an appeal . . . . Consequently, the risk of an adverse change in the status quo is less when comparing adequate security pending appeal."). However, in light of the significant amount of time which has already elapsed since the conclusion of the trial in this matter, the court deems a security bond necessary to protect the rights and interests of plaintiff.

Accordingly, by separate order the court will order defendants to immediately post a superdeas bond in the principal amount of $1,900,000.00.

**DONE**, this 4th day of August, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE